**Nirmal SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70119.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 27, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

MEMORANDUM **

Nirmal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal, and the BIA's denial of Singh's motion to remand for relief under Article 3 of the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Because the BIA has adopted the IJ's adverse credibility finding, we review both decisions. *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). We deny the petition.

Substantial evidence supports the IJ and BIA's adverse credibility finding because Singh provided information in his asylum declaration that was inconsistent with his hearing testimony and he failed to adequately explain the discrepancies. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). Because these factual discrepancies went to the heart of Singh's asylum claim, substantial evidence supports the denial of asylum. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). In addition, the IJ's credibility determination was based in part on Singh's demeanor, which we afford special deference. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999).

It follows that Singh did not satisfy the more stringent standard for withholding of removal. *See Lata,* 204 F.3d at 1244.

The BIA did not abuse its discretion in denying Singh's motion to remand to consider his claim under the Convention because he failed to demonstrate that it was more likely than not that he would be tortured if he returned to India. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.